**The Martinez Group PLLC**

ATTORNEYS & COUNSELORS IN INTELLECTUAL PROPERTY LAW

PATENT · TRADEMARK
COPYRIGHT · LITIGATION

AFFILIATED OFFICES
LOS ANGELES, CALIFORNIA
CHICAGO, ILLINOIS
AUSTIN, TEXAS
PORTLAND, OREGON

55 WASHINGTON STREET
SUITE 253-C
BROOKLYN, NY 11201

718 797 2341 TELEPHONE
855 553 7004 FACSIMILE

WWW.MARTINEZGROUP.COM

September 18, 2012

FRANK J. MARTINEZ
FM@martinezgroup.com

Via ECF

Honorable Raymond E. Reyes, Jr.
The Federal District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Brand Design, Co., Inc. v. NBCUniversal Media, LLC, et al.
      Case No.: 12-CV-3563 (KAM) (RER)
      Attorney Docket: 945-166

Dear Judge Reyes:

We are counsel to Plaintiff Brand Design Co., Inc., d/b/a House industries ("House Industries") in connection with the above-identified matter. This letter is in opposition to Plaintiff NBCUniversal Media, LLC's ("NBCUniveral") motion to transfer this case to the United States District court for the District of Delaware. Plaintiff strenuously objects for multiple reasons, the least of which is counsel for Plaintiff's proximity to the Court, which, we note, is not much further than that of Counsel for Defendant NBCUniversal or indeed, NBCUniversal itself.

It is respectfully noted that NBCUniversal is a multimedia company whose headquarters and primary office and facilities are located in Rockefeller Center in New York City. Complaint at ¶ 14. It is further noted that Co-Defendant, DeliveryAgent while incorporated in Delaware, maintains its principal office in San Francisco, California. Notwithstanding, both Defendants have expressly availed themselves of the privilege of conducting business in the State. Complaint at ¶ 17.

Plaintiff House Industries filed the above-referenced action for Copyright Infringement under 17 U.S.C. § 101, et. seq. Plaintiff House Industries has alleged that a division of NBCUniversal (Oxygen Media, LLC ["Oxygen"]), also authorized to conduct business in New York State by the New York Secretary of State, was licensed and that the license did not permit the actions complained of in the present action. Complaint at ¶ ¶ 27, 28. Here, Defendant has argued that Plaintiff has made no effort to demonstrate that this Court may exercise personal jurisdiction over both Defendants. Contrary to Defendant's

Honorable Raymond E. Reyes, Jr.
September 18, 2012
Page 2

assertions, Plaintiff has alleged that the Defendants each conducted and continue to business in New York State and have each additionally sought the authorization of the New York Secretary of State for such activities. It cannot be reasonably argued that these parties *are not* subject to the personal jurisdiction of this Court. Here, Plaintiff has clearly demonstrated a prima facie showing that venue is proper. See, *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981), citing, *Welsh v. Gibbs,* 631 F.2d 436, 438-439 (6th Cir.1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). Furthermore, the facts mandate that that venue is proper in this court under 28 U.S.C. §1404. In addition, when considering whether personal jurisdiction exists the burden on the plaintiff is relatively slight and the district court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." See, *Welsh v. Gibbs*, at 438-439. Accordingly, because this Court is the proper venue for this case and Defendant's motion must be denied.

The location of the corporation formation for each of the parties indicates that this action could have been brought in the District of Delaware. However, such venue would actually have been the source of great inconvenience to all of the parties, except the Plaintiff. Ultimately, venue in Delaware will not be efficient nor will it further the interests of justice. While Plaintiff is located and incorporated in Delaware, as are each of the Defendants, the Defendants conduct business in New York. Plaintiff's choice of this Court is the most efficient and just venue for the resolution of this dispute.

When considering whether transfer of venue is proper, the courts look to several factors, such as the plaintiffs choice of forum; the convenience of the witnesses; the availability of process to compel the attendance of unwilling witnesses; the location of relevant documents and relative ease of access to sources of proof; the convenience of the parties; the locus of operative facts and relative means of the parties. See, *Audiovox Corp. v. South China Enterprise, Inc.*, Slip Copy, 2012 WL 3061518 (E.D.N.Y. 2012). It cannot be reasonably argued that these factors will be ignored or ill served by Plaintiff's choice of venue. Since both Defendants are corporate entities with well-established places of business, service of process has been and can be easily accomplished. In addition, since it is likely that much of the evidence is electronic in nature, its location can likely be established without reasonable difficulty and access to and the production of such information is almost a

matter of "copy and paste," access to proof should not be difficult. See, *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F.Supp.2d 474, 484 (S.D.N.Y. 2007). Furthermore, since Defendant NBCUniveral's main office is in New York, it is doubtful that any NBCUniveral personnel will be inconvenienced since they are a mere 20 minute commute from this Court. To the extent that any inconvenience may be experienced by Defendant DeliveryAgent, Plaintiff is willing and able to cooperate in reducing any unreasonable hardship. In that regard, Plaintiff has alleged that a potential witness for DeliveryAgent is located in Rome, Italy, inferring some inconvenience. It cannot be reasonably argued that Delaware is a more convenient for such a witness. Since, by any measure, this Court is more convenient than a place of employment in San Francisco. It is also clear that the respective means of the parties is not in doubt. To the extent that the locus of operative facts or the "center of gravity" of this case should be considered, it is clear that this Court is the proper venue for this case for the reasons noted below.

Defendant has alleged that none of the operative facts occurred within the Eastern District of New York. See, Defendant's Motion at ¶ 8. Arguably, Defendant is mischaracterizing which facts are operative. In the present circumstances, it is known that a division of NBCUniversal (Oxygen) residing and operating in New York purchased a license from Plaintiff. Furthermore, it is not known whether Defendant NBCUniversal improperly acquired the software from Oxygen and transmitted the same to DeliveryAgent. If so, it is doubtful that such an impermissible act occurred by way of Delaware. Furthermore, it is known whether DeliveryAgent actually purchased a license to use the software or acquired unlicensed copies of the font software from a third party and if so, whether or not that party was located in New York. In sum, these and many other operative facts are not yet known and accordingly, Defendant's assertions do not and cannot convincingly indicate that venue in Delaware will be unfair to Defendants or result in a more efficient or just resolution of this matter.

It is well settled that a Plaintiff's choice of forum is entitled to deference and unless the balance of the §1404 factors weigh strongly in favor of the Defendants; Plaintiff's choice of forum should not be disturbed. See, e.g., *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 343 F.Supp.2d 208,

Honorable Raymond E. Reyes, Jr.
September 18, 2012
Page 4

213 (S.D.N.Y. 2004) ("[A] court may consider materials outside the pleadings, but must credit the plaintiff's averments of jurisdictional facts as true."). Here, Defendant has argued that Plaintiff's choice of venue should be given less weight because the Defendants and Plaintiff are all Delaware corporations. See, Defendant's Motion at ¶ 6. As noted earlier, each of the defendants has purposefully availed itself of the privilege of doing business in New York, subjecting themselves to the personal jurisdiction of the courts of this State. See, Complaint at ¶ ¶ 14, 17 and Complaint at ¶ 13, respectively. Furthermore, Plaintiff has averred that it conducts business in this District and by electing to bring this action in this District, has expressly selected this venue. Accordingly, Plaintiff's choice of venue is proper and Defendant's motion must be denied.

For the reasons noted above, Plaintiff's respectfully request that the Court deny Plaintiff's motion for transfer of this case.

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: _____
Frank J. Martinez
Attorney for Plaintiff, Brand Design
Company, Inc., d/b/a House Industries

CC: Kristin Jamberdino,
    Attorney for Defendant NBCUniversal
    Via ECF and Email

{00020456 v.1}